51 F.3d 286
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 In re: William Patrick POINTON, Jr., Debtor.
William Patrick POINTON, Jr., Plaintiff-Appellant,
v.
CITY OF CHOCTAW, OKLAHOMA; State of Oklahoma, ex rel.
Oklahoma State Department of Health, Defendants-Appellees.
 No. 94-7053.
(D.C. No. CV-93-545)
 United States Court of Appeals, Tenth Circuit.
 March 28, 1995.
 
 Before ANDERSON, BALDOCK, and BRORBY, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 This dispute revolves around a sewer lagoon that appellant William Patrick Pointon, Jr. built for a subdivision in Choctaw, Oklahoma, in 1961. In 1984, appellees City of Choctaw (City) and Oklahoma State Department of Health (OSDH) obtained a state court judgment against Pointon (the 1984 order). This judgment required Pointon to undertake certain work on the lagoon and, thus, was in the nature of injunctive relief, not damages. Pointon took no steps to comply with the 1984 order. Pointon filed bankruptcy in 1989 and was granted a general discharge under Chapter 7. Although both the City and OSDH were listed as judgment creditors on Pointon's bankruptcy schedules and received proper notice of the proceeding, neither objected to the discharge of the 1984 order in Pointon's bankruptcy. In 1991, they attempted to enforce the 1984 order through a state court contempt proceeding. Pointon obtained a stay in the state court and, after some proceedings in the bankruptcy court not relevant to this appeal, he filed an adversary proceeding, seeking a declaratory judgment that the 1984 order represented a dischargeable and discharged debt. Pointon moved for summary judgment and appellees responded. The bankruptcy court granted summary judgment to Pointon, holding that the 1984 order was a dischargeable debt that was, in fact, discharged. The City and OSDH appealed from the grant of summary judgment to the district court, which ruled in favor of Pointon.
 
 
 3
 Pointon then filed in the district court a motion for attorney's fees, sanctions, and a contempt citation under 28 U.S.C.1927, Fed.R.Civ.P. 11, and E.D. Okla. R. 6, arguing that appellees should not have pursued enforcement of the 1984 order in the face of his discharge in bankruptcy. The district court denied relief in a minute order, stating that it could not find that their appeal was "frivolous, vexatious or in bad faith." R. doc. 10. Pointon appeals from the denial of attorney's fees.[2] We have jurisdiction under 28 U.S.C. 158(d) and 1291.[3] We review the district court's denial of attorney's fees for abuse of discretion. See Continental Trend Resources, Inc. v. OXY USA Inc., 44 F.3d 1465, 1483 (10th Cir.1995).
 
 
 4
 Appellees argued on appeal to the district court that the 1984 order could not properly have been discharged because it was not a "claim" within the meaning of the Bankruptcy Code. See 11 U.S.C. 101(5)(B). Whether an order for injunctive relief is a claim within the meaning of the Bankruptcy Code is a debatable question. See United States v. The LTV Corp. (In re Chateaugay Corp.), 944 F.2d 997, 1008 (2d Cir.1991) (discussing types of injunctions that do or do not constitute a "claim" under 11 U.S.C. 101(4)(B) [now 101(5)(B) ]. In addition, appellees' argument was invited by Pointon, who raised the issue of dischargeability in his declaratory judgment action. Cf. United States v. Burson, 952 F.2d 1196, 1203 (10th Cir.1991) (holding that invited error doctrine "prevents a party who induces an erroneous ruling from being able to have it set aside on appeal"), cert. denied, 112 S.Ct. 1702 (1992). Therefore, we cannot find that the district court abused its discretion in holding that the appeal to that court was not frivolous, vexatious, or in bad faith.
 
 
 5
 The judgment of the United States District Court for the Eastern District of Oklahoma is AFFIRMED. The mandate shall issue forthwith.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 Pointon also seeks sanctions against his former attorney for "improperly" filing the motion for fees in the district court rather than the bankruptcy court. A motion for attorney's fees on appeal is properly filed in a district court sitting as an appellate court. See Morris ex rel. Rector v. Peterson, 871 F.2d 948, 951 (10th Cir.1989). Therefore, the request for sanctions is denied without further discussion
 
 
 [3]
 The City and OSDH argue that Pointon's notice of appeal was untimely. Pointon demonstrated with a postal receipt, however, that the court timely received the notice of appeal several days before it was stamped "filed." We conclude that Pointon timely filed the notice of appeal